UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TODD ANDERSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:06-CV-327 RM |
| | ) | |
| KAREN RICHARDS, | ) | |
| | ) | |
| Defendant | ) | |

O R D E R

Todd Anderson, a prisoner confined at the Lake County Jail, filed a complaint under

42 U.S.C. § 1983 alleging that Deputy Prosecutor Karen Richards violated his federally

protected rights during the course of his criminal prosecution, causing him mental and

emotional distress and loss of wages. The court must review the merits of a prisoner

complaint seeking redress from a governmental entity or officer or employee of a

governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under §

1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint.

Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff
> can prove no set of facts in support of his claim which would entitle him to
> relief.  Allegations of a pro se complaint are held to less stringent standards
> than formal pleadings drafted by lawyers. Accordingly, pro se complaints
> are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme
> Court requires only two elements:  First, the plaintiff must allege that some
> person has deprived him of a federal right.  Second, he must allege that the
> person who has deprived him of the right acted under color of state law.

> These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Anderson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983." Id. at 431. This immunity applies even where the prosecutor acts maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct Mr. Anderson asserts in his complaint constitutes

2

conduct intimately associated with the judicial phase of the criminal process. Accordingly, Ms. Richards is entitled to prosecutorial immunity.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: October _6_, 2006

            /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court